IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Walter L. Sprinkle and ) | |
| Rebecca F. Sprinkle ) | Case 7-04-01592-WSA |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |
| Walter L. Sprinkle, ) | |
| Plaintiff ) | |
| v. ) | A.P. No. 04-098 |
| ) | |
| Appalachian Power Company ) | |
| d/b/a American Electric Power ) | |
| ) | |
| Defendant ) | |

ORDER

For the reasons stated in this Court's contemporaneous memorandum opinion, it is

ORDERED

that the Motion to Extend Time to File Notice of Removal Pursuant to Bankruptcy Rule 9006(b) is DENIED and that this adversary proceeding is REMANDED to the Circuit Court of Smyth County, Virginia.

The Clerk is directed to send copies of this order and accompanying memorandum opinion to the Debtors, Walter L. Sprinkle, Jr. and Rebecca F. Sprinkle; Debtor's counsel, John M. Lamie, Esq.; the Plaintiff's counsel, B. Webb King, Esq.; Counsel for the Office of the United States Trustee, Margaret K. Garber, Esq.; Michael A. Cleary, Esq.; and the Honorable Jimmy L Warren, Clerk of the Circuit Court of Smyth County, Virginia.

ENTER this 26th day of October, 2004.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Walter L. Sprinkle and | ) | |
| Rebecca F. Sprinkle | ) | Case 7-04-01592-WSA |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| Walter L. Sprinkle, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | A.P. No. 04-098 |
| | ) | |
| Appalachian Power Company | ) | |
| d/b/a American Electric Power | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

The Defendant's Motion to Extend Time to File Notice of Removal came before this Court on October 6, 2004 and was taken under advisement, the Defendant's Notice of Removal of State Court Civil Action being filed contemporaneously with the Motion to Extend Time. This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The Defendant seeks an enlargement of time to file its Notice of Removal under Bankruptcy Rule 9006(b). While the adversary proceeding itself, which concerns the Debtor's pre-petition lawsuit against the Defendant alleging that AEP negligently provided electrical power causing death and other injuries to his milk cow herd and losses to his business operation, is

clearly a non-core bankruptcy matter, the determination of a motion to extend the time during which such lawsuit may be removed to the bankruptcy court would appear to be a "core" bankruptcy matter as relating to the administration of the estate, of which the lawsuit claim is part. 28 U.S.C. §157(b)(2)(A).

## FINDINGS OF FACT

The plaintiff in this case, Walter L. Sprinkle, filed a Motion for Judgment in Smyth County, Virginia, April 1, 1999 alleging breach of implied warranty of fitness for the ordinary purpose, breach of warranty of fitness for the particular purpose of the plaintiff, breach of warranty of merchantability and negligence, all relating to the transmission of electric power from the Defendant, American Electric Power ("AEP") to Mr. Sprinkle's dairy farm. The state court action is currently set for trial in February of 2005 in Smyth County.

On April 9, 2004, Mr. Sprinkle and his wife, Rebecca F. Sprinkle, filed a voluntary Chapter 11 bankruptcy petition in the Roanoke Division of the Western District of Virginia. AEP was not a creditor of the Sprinkles and was therefore not given notice of the bankruptcy filing. AEP learned of the bankruptcy petition through its own investigation in late August of 2004, past the filing deadlines set forth in Bankruptcy Rule 9027(a)(2). Accordingly, AEP filed this Motion to Extend Time contemporaneously with its Notice of Removal on September 14, 2004. The Debtor subsequently filed an Objection to Motion to Extend Time to File Notice of Removal, Objection to Notice of Removal and a Motion to Abstain and Remand. AEP then filed its Memorandum in Opposition to the Debtor's Motion to Abstain, in which it indicated that it was prepared to file a Motion to Withdraw the Reference in the District Court to seek to have the adversary proceeding tried there, should this Court grant its Motion to Extend Time. A hearing

was held on October 6, 2004 at which the Debtor testified that the trial was scheduled for an entire week in the Circuit Court of Smyth County, Virginia in February, 2005, that the depositions of all witnesses other than one of the anticipated expert witnesses had already been taken, that he expected the case to be tried when scheduled and had no reason to anticipate that such would not occur and that it was important that the case be tried at that time and not be delayed further. The Debtors' ability to propose a Chapter 11 reorganization plan is dependant upon the outcome of this lawsuit. The Defendant did not offer any evidence but did present its argument to the Court at the hearing. Prior to this hearing the Defendant filed a written Memorandum in support of its Motion. Counsel for the Defendant requested an opportunity to respond in writing, which the Court granted. He has now done so and the matter is ready for decision.

## CONCLUSIONS OF LAW

AEP submitted its Notice of Removal pursuant to 28 U.S.C. §1452(a), which allows a party to remove any claim or cause of action to the District Court for the District where such civil action is pending if such court has jurisdiction under 28 U.S.C. §1334. Under 28 U.S.C. §1334(b) the District Court has jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." The pre-petition lawsuit is "related" to the Debtors' bankruptcy case because the claim is an asset of the bankruptcy estate and its determination will clearly "affect"[1] the bankruptcy case, indeed the Debtors' ability to propose a confirmable plan of reorganization appears to hinge on such lawsuit's outcome. Bankruptcy Rule 9027 governs the procedural aspects of removal. Subsection (a)(2) of that Rule

---

[1] New Horizon of NY, LLC v. Jacobs, 231 F.3d 143, 151 (4th Cir. 2000) (citing Celotex Corp. v. Edwards, 514 U.S. 300, 308, 131 L. Ed. 403, 115 S. Ct. 1493 (1995).

3

sets forth the time periods for filing a Notice of Removal for a civil action initiated before commencement of the bankruptcy case: "within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." In this case, the first time limit applies. The deadline for filing a notice of removal was July 8, 2004.

Bankruptcy Rule 9006(b)(1) does allow for the court in its discretion "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." The Supreme Court has held that courts should consider four factors in determining excusable neglect: 1) the prejudice to the Debtor, 2) the length of delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether or not it was within the reasonable control of the defendant and 4) whether the defendant acted in good faith. *Pioneer Investment Services, Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). In reaching its decision, the court has reviewed all four factors.

1. Prejudice to the Debtor

Due to the proximity of the scheduled trial date in February 2005 and the testimony of Mr. Sprinkle that he has no reason to think that the case will not in fact be tried when scheduled and of the importance of the determination of such case to the bankruptcy case, it would be prejudicial to the Debtors to allow this state court action, which concerns issues of state law, and which has been pending since April 1, 1999 in that court, to be removed to federal court

within four months of the scheduled trial date.

    2. Length of delay and its potential impact on judicial proceedings

    The deadline for AEP to file its Notice of Removal was July 8, 2004, but the Notice was not filed until September 14, 2004, creating a two month delay. The state court litigation is currently set for trial in state court for a week in February 2005 and even though AEP argues in its Memorandum that the District Court is better situated to hear the case, there is no indication that a comparable trial date could be set in District Court and this Court doubts that such a possibility is at all likely. To grant the Motion to Extend Time would therefore in all probability delay the proceedings beyond the time that they are currently scheduled for trial and would likely delay the timely prosecution of the pending Chapter 11 bankruptcy case.

    3. Reason for the delay

    The Defendant did not file a timely Notice of Removal because it had no timely knowledge of the commencement of the Debtors' bankruptcy case, which provided the only legal basis the Defendant had to remove the state court lawsuit into federal court. Although AEP has complained that it was not notified of the bankruptcy case, it has not alleged that it was a pre-petition creditor of the Debtors or otherwise entitled to notice. It has not even asserted that the Debtors were subject to any kind of legal duty to advise it of the bankruptcy case. While the Court does not criticize AEP for not learning of the bankruptcy case earlier, it does note that such party could have filed an Interrogatory in the state court action as to the existence of any bankruptcy case of which the Sprinkles were debtors. If it had done so, this would appear to have been a matter which would have required a supplemental response pursuant to Rule 4:1(e) of the Rules of the Supreme Court of Virginia. Accordingly, in the absence of any contention that the

Debtors misrepresented any fact to AEP or that they had some legal duty to advise AEP of the bankruptcy case, the fact that AEP did not learn of it until late August 2004 can reasonably be said to be the result of AEP's own inadequate discovery efforts rather than any wrong on the part of the Debtors.

4. Good faith

The Court does not conclude that any party was acting in bad faith. As stated above, the Defendant has failed to allege that the Debtors misrepresented any fact or that they had an obligation or duty to inform AEP about their Chapter 11 filing. AEP, in attempting to remove the action to federal court, was also not acting in bad faith, because it did proceed promptly when it became aware of the fact of the bankruptcy filing.

CONCLUSION

An analysis of the factors presented in the *Pioneer Investment Services, Co.* case leads the Court to the conclusion that the Motion to Extend Time must be denied. The Court finds that it would be more prejudicial to the Debtors to allow the state court action to be removed because of the delay it would create in the resolution of that litigation. This prejudice to the Debtors is entitled in the Court's thinking to greater equitable consideration than the good faith of AEP and the fact that AEP attempted to remove the action promptly after learning of the bankruptcy proceeding.

The Court would ignore the obvious if it failed to note that AEP's investigations were likely conducted in the hope that the Debtors had filed a bankruptcy petition but not disclosed the existence of the state court action in the petition, which would have given rise to a possible judicial estoppel defense. Having struck out in that effort, there is no equitable reason to

6

grant AEP additional time to engage in forum shopping in a case which offers no other basis for federal jurisdiction than the presence of the plaintiff as a bankruptcy debtor in this Court. Counsel for AEP points out that bankruptcy court approval of the employment of the Debtors' state court attorneys had not been obtained at the time it attempted to remove the Smyth County Circuit Court litigation to this Court, but that issue has since been resolved as this Court entered an order on October 19, 2004 approving such employment. Even if that had not occurred, however, it is unclear why such an omission would provide a good basis to support the Defendant's late attempt to effect such removal.

For the foregoing reasons, by separate order the Defendant's Motion to Extend Time will be denied.

This 26th day of October, 2004.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE